UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SHERRI FOWLER,

Plaintiff,

vs.

UNION SECURITY INSURANCE COMPANY,

Defendant.

_____________________________________)

## COMPLAINT

The Plaintiff, SHERRI FOWLER ("FOWLER"), by and through the undersigned counsel, hereby sues UNION SECURITY INSURANCE COMPANY ("UNION") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. FOWLER was at all times relevant a plan participant under the Time Insurance Company Long Term Disability Plan, Group Policy No. 61890/0/2/449 ("LTD" Plan).[1]

3. Defendant, UNION, is a Corporation with its principal place of business in the State of Missouri, authorized to transact and transacting business in the Southern District of Florida. UNION is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator. As the decision maker and payor of plan benefits, UNION administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The UNION LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Time Insurance Company ("Time"), under which FOWLER was a participant, and pursuant to which FOWLER is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, FOWLER is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as FOWLER remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, UNION, is authorized to and is doing business within the Southern District of Florida, can be found in the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. FOWLER incorporates by reference all preceding paragraphs as though fully set forth herein.

[1] A copy of the LTD Plan is attached hereto as Exhibit "A."

7. At all times relevant, FOWLER was an employee or former employee of the Time and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of FOWLER's employment, FOWLER became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while FOWLER was covered under the LTD Plan FOWLER suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

9. As it relates to FOWLER's current claim for benefits, Disability is defined to mean:

***Disability* or *disabled* means that in a particular month, you satisfy either the Occupation Test or the Earnings Test, as described below. You may satisfy both the Occupation Test and Earnings Test, but you need only satisfy one Test to be considered *disabled*.**

**Occupation Test**

- **During the *qualifying period* and the following 24 months of a *period of disability*, an *injury*, sickness, or pregnancy requires that you be under the *regular care and attendance* of a *doctor*, and prevents you from performing at least one of the *material duties* of your *regular occupation*; and**

- **after the *qualifying period* and the first 24 months of a *period of disability*, an *injury*, sickness, or pregnancy prevents you from performing at least one of the *material duties* of each *gainful occupation* for which your education, training, and experience qualifies you.**

**If, during the *qualifying period* and the following 24 months of a *period of disability*, you can perform the *material duties* of your *regular occupation* with *reasonable accommodation(s)*, you will not be considered *disabled*. If, after the *qualifying period* and the first 24 months of a *period of disability*, you can perform a *gainful occupation* for which your education, training, and experience qualifies you, with *reasonable accommodation(s)*, you will not be considered *disabled*. The inability to perform a *material duty* because of the discontinuance of *reasonable accommodation(s)* on the part of the employer does not, in itself, constitute *disability*.**

**Earnings Test**

**You may be considered *disabled* in any month in which you are actually working, if an *injury*, sickness, or pregnancy, whether past or present, prevents you from earning more than 80% of your *indexed monthly pay* in that month in any *occupation* for which your education, training or experience qualifies you. On each anniversary of the date your *disability* started, we will use your *indexed monthly pay* to decide whether you are *disabled* under this test.**

> **If your actual earnings during any month are more than 80% of your *indexed monthly pay* you will not be considered *disabled* under the Earnings Test during that month. In making this determination, salary, wages, partnership or proprietorship draw, commissions, bonuses, or similar pay, and any other income you receive or are entitled to receive will be included. However, sick pay and salary continuance for periods not at work will not be included. Any lump sum payment will be pro-rated, based on the time over which it accrued or the period for which it was paid.**
>
> **If you are capable of earning more than 80% of your *indexed monthly pay*, you will not be considered *disabled* under the Earnings Test even if your actual earnings in that month are less than 80% of your *indexed monthly pay*.**
>
> **You may still be considered *disabled* according to the Occupation Test, without regard to your level of current earnings, if you meet the requirements of that Test.**

10. Due to restrictions and limitations arising from physical "disability", FOWLER ceased working and made a claim to UNION for benefits under Time's long-term disability plan beginning on or about April 11, 2012.

11. UNION approved and paid FOWLER's long-term disability claim beginning October 8, 2012, following the short-term disability qualifying period.

12. On or about April 29, 2015, UNION notified FOWLER that it was terminating her claim for LTD Benefits and was not approving benefits beyond October 10, 2014.

13. FOWLER timely appealed UNION's adverse benefit determination.

14. On or about January 22, 2016, UNION affirmed its adverse determination and upheld its decision to deny FOWLER's LTD benefits.

15. FOWLER has fully complied with filing all mandatory administrative appeals required under the LTD Plan.

16. UNION breached the LTD Plan and violated ERISA in the following respects:

a. Failing to pay LTD benefits to FOWLER at a time when UNION and the LTD Plan knew, or should have known, that FOWLER was entitled to

those benefits under the terms of the LTD Plan, as FOWLER was disabled and unable to work and therefore entitled to benefits.

b. After FOWLER's claim was denied in whole or in part, UNION failed to adequately describe to FOWLER any additional material or information necessary for FOWLER to perfect his claim along with an explanation of why such material is or was necessary.

c. UNION failed to properly and adequately investigate the merits of FOWLER's disability claim and failed to provide a full and fair review of FOWLER's claim.

17. FOWLER believes and alleges that UNION wrongfully denied her claim for LTD benefits under the LTD Plan, by other acts or omissions of which FOWLER is presently unaware, but which may be discovered in this future litigation and which FOWLER will immediately make UNION aware of once said acts or omissions are discovered by FOWLER.

18. As a proximate result of the aforementioned wrongful conduct of UNION under the LTD Plan, FOWLER has damages for loss of disability benefits in a total sum to be shown at the time of trial.

19. As a further direct and proximate result of this improper determination regarding FOWLER's claim for benefits, FOWLER, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), FOWLER is entitled to have such fees and costs paid by UNION.

20. The wrongful conduct of UNION has created uncertainty where none should exist; therefore, FOWLER is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, SHERRI FOWLER prays for relief against Union Security Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Cesar Gavidia*

Cesar Gavidia, ESQUIRE
Florida Bar No: 015263
Email: Cesar@diattorney.com

GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com